# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Earl Buckner,
    Petitioner

vs                                   Case No. 1:04cv209
                                        (Spiegel, S.J.; Hogan, M.J.)

Deb Timmerman-Cooper,[1]
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, a prisoner currently in state custody at the London Correctional Institution in London, Ohio, has filed this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ with attached exhibits, and petitioner's response to the return of writ. (*See* Docs. 1, 5, 6, 8).

### Factual And Procedural Background

On June 1, 1999, petitioner was indicted by the Hamilton County, Ohio, grand jury in Case No. B9903656 on one count of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A). (Doc. 6, Ex. 1). On June 11, 1999, the Hamilton County grand jury indicted petitioner in Case No. B9903995 on the following additional charges: one count of preparation of cocaine for sale in violation of Ohio Rev. Code § 2925.07(A), with an

---

[1] At the time he filed the instant petition, petitioner was incarcerated at the Ross Correctional Institution (RCI) and properly named Pat Hurley, who was then Warden of RCI, as respondent. However, petitioner has informed the Court by letter dated September 25, 2005 that he is now incarcerated at the London Correctional Institution, where Deb Timmerman-Cooper is Warden. (*See* Doc. 13). Because Deb Timmerman-Cooper is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

attached firearm specification; one count of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A), with an attached firearm specification; and four counts of having weapons while under disability in violation of § 2923.13(A)(3). (*Id.,* Ex. 3). The charges contained in the separate indictments were consolidated for purposes of trial. After a trial before a jury, petitioner was found guilty as charged.

On September 16, 1999, petitioner was sentenced in Case No. B9903656 to an eight (8) year prison term. (*Id.,* Ex. 2). He also was sentenced in Case No. B9903995 to a five (5) year prison term on the drug possession and preparation charges, which were merged for purposes of sentencing, to be served consecutively to consecutive one (1) year terms of imprisonment imposed for each of the four weapons under disability offenses; an additional one (1) year consecutive sentence was imposed for the firearm specification. (*Id.,* Ex. 4). The trial court further ordered that the sentences imposed in Case Nos. B9903656 and B9903995 were "to be served consecutively to [each other] and consecutively to prior prison sentence."[2] (*Id.,* Exs. 2, 4).

With the assistance of counsel, petitioner filed a consolidated direct appeal to the Ohio Court of Appeals, First Appellate District, raising seven assignments of error, which are not at issue here. (*Id.,* Ex. 5). On October 25, 2000, the Court of Appeals affirmed the trial court's judgment. (*Id.,* Ex. 7). Petitioner attempted a further appeal to the Ohio Supreme Court, which issued an Entry on March 7, 2001 denying leave to appeal and dismissing the appeal "as not involving any substantial constitutional question." (*Id.,* Exs. 8, 10).

On January 22, 2001, after the Ohio Court of Appeals affirmed the trial court's judgment on direct appeal, petitioner filed a *pro se* application for reopening of his appeal pursuant to Ohio R. App. P. 26(B) with the Ohio Court of Appeals, First Appellate District.[3] (*Id.,* Ex. 17). On September 14, 2001, the Court of Appeals granted petitioner's

---

[2]Respondent notes in the return of writ that the "prior prison sentence" referred to by the trial court was a five-year sentence imposed when petitioner was convicted in 1998 on two counts of drug trafficking and one count of possession of cocaine. (Doc. 5, p. 2 n.3). As respondent has further noted, it does not appear that petitioner is challenging the prior conviction or sentence in the instant federal habeas corpus action. (*See id.*).

[3]On January 22, 2001, petitioner also filed a *pro se* motion for leave to appeal his consecutive sentences in the Ohio Court of Appeals, First Appellate District. (Doc. 6, Ex. 11). The Court of Appeals overruled this motion on February 9, 2001 on the ground that it had already "previously considered [petitioner's] appeals from the judgments that [he] now seeks

application and reopened the appeal. (*Id.,* Ex. 18). With the assistance of new counsel, petitioner filed a brief, claiming as the sole assignment of error that the "trial court abused its discretion when it convicted and sentenced [him] on four counts of having weapons while under disability where each of the four counts were the product of a single indivisible act and committed with a single animus." (*Id.,* Ex. 19). On March 13, 2002, the Ohio Court of Appeals sustained petitioner's assignment of error on the ground conceded by the State that the "law supports Buckner's argument" that the "court was required to merge the four [weapons] counts into a single conviction." (*Id.,* Ex. 21). The trial court's judgment, therefore, was reversed and the matter remanded "for further proceedings." (*Id.*).

On March 25, 2002, petitioner was re-sentenced in accordance with the Court of Appeals' remand order. (*Id.*, Ex. 22). Specifically, petitioner's sentence in Case No. B9903995 was changed to the extent that the prison sentences imposed for the four weapons offenses were "merged" into a single one-year term of imprisonment, thereby reducing petitioner's total sentence by three years; in all other respects, petitioner's sentences imposed in Case Nos. B9903656 and B9903995 remained the same. (*See id.*). Contrary to statements contained in the Judgment Entry issued on re-sentencing, petitioner was not present at this proceeding.

Apparently unaware that he already had been re-sentenced, petitioner filed a motion with the assistance of new counsel on April 29, 2002, requesting the trial court "to bring him back to the Hamilton County Justice Center" for sentencing. (*Id.,* Ex. 23). The motion was overruled without opinion the same date. (*Id.,* Ex. 24). On May 30, 2002, petitioner's counsel filed a motion to consolidate and reconsider the sentences in Case Nos. B9800998, B9903656 and B9903995 "so that the time runs concurrent and not consecutive." (*Id.,* Ex. 25). That motion was overruled without opinion on May 31, 2002. (*Id.,* Ex. 26).

Thereafter, in August 2002, petitioner filed a *pro se* petition for writ of mandamus in the Ohio Court of Appeals, First Appellate District, requesting that the March 25, 2002 re-sentencing order be vacated and that he be given the opportunity to be present at and speak on his own behalf at a new hearing before the trial court. (*See id.,* Ex. 27, attached

---

leave to appeal" and had affirmed the trial court's judgments of conviction. (*Id.,* Ex. 12). Petitioner did not file a timely appeal to the Ohio Supreme Court from this decision. On July 16, 2001, he filed a motion for leave to file a delayed appeal, which was denied without opinion by the Ohio Supreme Court on September 26, 2001. (*Id.,* Exs. 15-16).

3

Ex. A). The State filed motions to dismiss on the ground that petitioner "had an adequate remedy at law through a direct appeal," which were granted by the Court of Appeals on October 4, 2002. (*See id.,* attached Exs. B, E, F).

On October 24, 2002, petitioner filed a *pro se* motion for leave to file a delayed appeal from the trial court's re-sentencing entry to the Ohio Court of Appeals, First Appellate District; the motion was granted on November 27, 2002. (*Id.,* Exs. 27, 29). In a brief filed by yet another new attorney, petitioner asserted three assignments of error, including the following two claims:

> **First Assignment of Error:** The trial court violated Mr. Buckner's right to be present in open court with counsel for resentencing upon the remand by the Court of Appeals.
>
> **Second Assignment of Error:** The trial court erred as a matter of law in failing to make any findings whatsoever to support the imposition of maximum sentences upon Mr. Buckner.

(*Id.,* Ex. 30).

On July 30, 2003, the Court of Appeals issued a decision in the delayed appeal. (*Id.,* Ex. 32). Specifically, the court made findings of fact, which are presumed correct under 28 U.S.C. § 2254(e)(1),[4] and ruled on petitioner's claims of error in relevant part as follows:

> Defendant-appellant Earl Buckner was convicted following a jury trial of trafficking in cocaine . . ., preparation of cocaine for sale . . ., possession of cocaine . . . and an accompanying firearm specification, and four counts of having weapons while under disability. . . . The trial court sentenced Buckner to eight years in prison on the drug trafficking charge. The trial

---

[4] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has neither cited nor presented any evidence to rebut the Ohio court's factual findings quoted herein. Therefore, petitioner has not demonstrated by clear and convincing evidence that such findings are erroneous.

court merged the drug preparation and drug possession charges and imposed a five-year prison term. The trial court sentenced Buckner to one year in prison for the firearm specification, and one year in prison for each of the four charges of having weapons while under disability. The trial court additionally ordered that each of the prison terms be served consecutively.

Buckner appealed his convictions and we affirmed them in a judgment entry dated October 25, 2000. On September 14, 2001, we granted Buckner's motion for a delayed reopening of his appeal under App.R. 26(B). The sole issue for reopening the appeal was Buckner's argument that the four counts of having weapons while under disability should have been merged into a single count for purposes of sentencing. The state had conceded that those were improper. So in a judgment entry dated March 13, 2002, we held that the trial court had committed plain error by sentencing Buckner to one year in prison for each of the four counts of having weapons under disability. We vacated the trial court's sentence as to the weapons under disability charges and instructed the trial court to re-sentence Buckner on only one of the four weapons under disability charges.

On remand, the trial court journalized a sentencing entry that re-sentenced Buckner and merged the four counts of having weapons under disability into a single count for sentencing purposes. The trial court, however, failed to bring Buckner before it and conduct a second sentencing hearing. Buckner now appeals from this second sentence. . . .

In his first assignment of error, Buckner claims the trial court's failure to ensure his presence when re-sentencing him on the weapons under disability convictions violated his right of allocution as guaranteed by Crim.R. 32(A). While the state concedes that Buckner had a right to be present for re-sentencing, it urges us to remedy the error by modifying Buckner's sentence.

R.C. 2953.08(G) provides that an appellate court may "increase, reduce, or otherwise modify a sentence that is appealed *** or may vacate the sentence and remand the matter to the trial court for re-sentencing." In *State v. Campbell*[, 738 N.E.2d 1178 (Ohio 2000),] the Ohio Supreme Court recognized that a trial court's failure to address the defendant at sentencing is not prejudicial in every case. The Supreme Court held that when a trial

court imposes a "sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error. Because we believe that Crim.R. 32(A) applies only to sentencing and not to re-sentencing under R.C. 2953.08(G), we do not believe the trial court violated Buckner's right of allocution.

Even if the trial court violated Buckner's right of allocution when it merged the weapons under disability charges and re-sentenced him, we cannot say the trial court's failure to have Buckner present for re-sentencing was so prejudicial that we must remand the cause for re-sentencing. In this case, the trial court's failure to afford Buckner his right of allocution at the second sentencing hearing was harmless error given that the trial court reduced Buckner's sentence by three years. Moreover, Buckner and his counsel were permitted to speak freely at the first sentencing hearing. Because we fail to see how Buckner's absence from the second sentencing hearing was prejudicial, we exercise our authority under R.C. 2953.08(G) and modify that portion of his sentence imposing one year in prison for each of the four counts of having weapons under disability to reflect that those four counts have been merged and that Buckner is to serve a one year sentence for the merged counts.

In his second assignment of error, Buckner contends the trial court erred as a matter of law when it failed to make any findings to support the imposition of the maximum, consecutive sentences for the trafficking in cocaine charge and preparation of cocaine for sale charge. Buckner argues that under *State v. Bolton*, [757 N.E.2d 841 (Ohio Ct. App. 2001),] in which the Eighth Appellate District held that an appellate court has no power to vacate only a portion of a sentence, this court reversed his entire sentence. We disagree.

This court, which has not followed the holding in *State v. Bolton,* has consistently vacated only a portion of a sentence. Because we vacated only that portion of Buckner's sentence relating to the trial court's failure-to-merge portion of the four weapons under disability charges, the trial court's imposition of the maximum and consecutive sentences is not before us on appeal. We, therefore, overrule the second assignment of error.

\*\*\*\*

> Wherefore, we modify that portion of his sentence imposing one year in prison for each of the four counts of having weapons under disability to reflect that those four counts have been merged and that Buckner is to serve only a one-year sentence for the merged counts. We further order that the sentence be served consecutively to the eight-year prison term for the drug trafficking charge, the five-year prison term for the drug preparation and drug possession charges, and the one-year prison term for the firearm specification. His sentence remains the same in all other respects.

(*Id.*) (footnotes omitted).

Petitioner, proceeding *pro se,* sought leave to appeal to the Ohio Supreme Court, alleging among other claims of error that he was denied effective assistance of counsel by his trial and appellate counsel; that he was denied "his right to be present at resentencing and his right to allocution;" and that maximum, consecutive sentences were imposed on him "without placing the required findings on the record in violation of R.C. §§ 2929.14(C), 2929.14(E)(4), and 2053.08(C)." (*See id.,* Ex. 36, pp. 4-7). On November 19, 2003, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 38).

The instant habeas corpus action commenced approximately four months later in March 2004. In the petition, petitioner asserts three grounds for relief:

**Ground One:** Trial Court Violated Petitioner's Right to Allocution, Which Resulted in a violation of his rights to due process of law as guaranteed by the Ohio and US Constitutions.

**Ground Two:** Trial Court Erred As It Misapplied Existing State Law [regarding the imposition on re-sentencing of maximum, consecutive sentences for the trafficking in cocaine and preparation of cocaine for sale offenses,] Which violated petitioner's right to Due Process of Law.

**Ground Three:** Ineffective Assistance of Counsel, violating Petitioner's Sixth Amendment Rights under the Constitution of the United States [based on his trial and appellate counsel's failure to challenge the original consecutive one-year sentences imposed for each of the four weapons under

7

disability offenses, as well as the failure of his counsel in the reopened appeal to "follow up and make sure" the Court of Appeals' remand order was "properly executed to bring [petitioner] back to [the trial] court for re-sentencing"].

(Doc. 1, pp. 5-6 & "Attached Memorandum in Support").

Respondent has not argued, nor does it appear, that this case triggers any statute of limitations concerns. It further appears that petitioner has exhausted all available state court remedies with respect to his claims for relief. Respondent contends in the return of writ, however, that petitioner has waived the claims alleged in Grounds One and Two of the petition due to his procedural defaults in the state courts. (*See* Doc. 5, pp. 8-10, 12-14). Respondent also addresses each of petitioner's grounds for relief on the merits. (*Id.,* pp. 10-12, 14-19).

Petitioner concedes in his response to the return of writ that he has waived the claim challenging the imposition of maximum, consecutive sentences that is alleged in Ground Two of the petition, because, as argued by respondent in the return of writ, he failed to raise the claim on direct appeal; the Ohio Court of Appeals refused to consider the claim when he first presented it in his unsuccessful *pro se* motion for leave to file a second appeal; he failed to perfect a timely appeal to the Ohio Supreme Court from the denial of his motion for a second appeal; and the Ohio appellate courts refused to consider the claim when petitioner raised it again on delayed appeal from the re-sentencing order involving only the weapons under disability charges. (*See* Doc. 8; *see also* Doc. 5, pp. 12-13; Doc. 6, Exs. 11, 12, 16, 30, 32). Therefore, the claim alleged in Ground Two of the petition is deemed withdrawn. The Court will proceed to address the two remaining claims for relief alleged in Grounds One and Three of the petition in light of the defenses asserted by respondent in the return of writ.

**OPINION**

**A. Petitioner Is Not Entitled To Relief Based On His Claim Alleged In Ground One That He Was Denied His Right Of Allocution On Re-Sentencing**

In Ground One of the petition, petitioner alleges a due process violation occurred under both Ohio's and the United States' Constitutions when he was denied his right of allocution on re-sentencing. (Doc. 1, p. 5 & "Attached Memorandum in Support").

8

As an initial matter, the Court is precluded from reviewing this claim to the extent petitioner contends he is entitled to relief based on alleged violations of state statutory and constitutional law. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, this federal court can only consider whether the alleged error violated petitioner's federal constitutional right to due process. However, as respondent contends in the return of writ, it appears petitioner has waived any such constitutional claim because he failed to present it as a federal issue to the Ohio courts.

In recognition of the equal obligation of state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If he fails to do so, he may have waived the claims for purposes of federal habeas corpus review. *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

It is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). This means the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *Franklin,* 811 F.2d at 325 (citing *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987). A claim will be considered "fairly presented" without citation to chapter and verse of the Constitution only if the presentation of the claim was "likely to alert the court to the claim's federal nature." *Nadworny v. Fair,* 872 F.2d 1093, 1097 (1st

Cir. 1989) (quoting *Daye v. Attorney General of New York,* 696 F.2d 186, 192 (2nd Cir. 1982) (en banc)).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the court of the claim's federal nature. *Id.* Under these guidelines, a petitioner may fairly present to the state courts the constitutional nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans,* 228 F.3d at 681; *Franklin,* 811 F.2d at 326 (quoting *Daye,* 696 F.2d at 193-94). The use of a "generalized catch-all phrase," which merely alleges the denial of a fair trial under the United States Constitution, does not adequately alert the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Franklin,* 811 F.2d at 326. General statements that the petitioner was denied a "fair trial" and "due process" are not sufficient to put state courts on notice of a specific federal constitutional claim in the absence of citation to case law employing federal constitutional analysis. *Petrucelli v. Coombe,* 735 F.2d 684, 688-89 (2nd Cir. 1984).

In this case, petitioner failed to fairly present to the Ohio Court of Appeals the federal due process claim alleged in Ground One of the petition. In his brief on reopened appeal, petitioner relied solely on Ohio R. Crim. P. 43(A) and 32(A), as well as state cases construing the requirements set forth in those rules, in arguing that he was entitled to a new re-sentencing hearing. (*See* Doc. 6, Ex. 30, pp. 3-5). Therefore, the only legal theories presented to the state appellate court were predicated entirely on state law.

A state appellate court deciding whether a trial court committed prejudicial error under state law faces a different legal question than a state court deciding whether such error amounted to a constitutional due process violation. *Petrucelli*, 735 F.2d at 690 (citing *Steele v. Taylor,* 684 F.2d 1193, 1206 (6th Cir. 1982), *cert. denied,* 460 U.S. 1053 (1983)). Because the Ohio Court of Appeals was unaware of any constitutional claim, it addressed and determined the issues as argued by petitioner, solely in terms of state law, i.e., that (1) the trial court did not violate petitioner's right of allocution under Ohio R. Crim. P. 32(A), found to apply only to sentencing and not to re-sentencing; and (2) any violation of such right amounted to "harmless error" and was not sufficiently prejudicial to require a remand for re-sentencing, but merely a modification of a portion of petitioner's sentence under Ohio Rev. Code § 2953.08(G). (*See* Doc. 6, Ex. 32).

By thus failing to fairly present the federal constitutional claim alleged in Ground One of the petition to the Ohio Court of Appeals, petitioner committed a procedural default. Even assuming that he raised the constitutional issue in his memorandum in support of jurisdiction on further appeal to the Ohio Supreme Court, the claim remains defaulted, because the Ohio Supreme Court lacks jurisdiction to consider constitutional claims that a defendant has failed to assert to the Court of Appeals. *See* Ohio Const. art IV, § 2(B)(2); *see also Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983); *State v. Williams,* 364 N.E.2d 1364, 1367 (Ohio 1977) (and cases cited therein), *vacated on other grounds,* 438 U.S. 911 (1978); *State v. Phillips,* 272 N.E.2d 347, 352 (Ohio 1971); *State v. Jones,* 211 N.E.2d 198, 199 (Ohio 1965), *cert. denied,* 383 U.S. 918, 951 (1966). Because petitioner thus failed to provide Ohio's highest state court with an opportunity to correct the alleged constitutional error, he has waived such claim for purposes of federal habeas corpus review in the absence of any showing by him of "cause" for his default and actual prejudice as a result of the alleged error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

In any event, even assuming, *arguendo,* petitioner "fairly presented" his claim of a denial of his right to allocution as a federal constitutional issue to the Ohio courts, he is not entitled to habeas relief based on such claim. It is well-settled that there is no federal constitutional right to allocution at sentencing, much less re-sentencing. *See, e.g., Pasquarille v. United States,* 130 F.3d 1220, 1223 (6th Cir. 1997) (in case involving challenge to re-sentencing in a federal criminal case, the Sixth Circuit held that under the authority of *Hill v. United States,* 368 U.S. 424, 428 (1962), "[t]here is no constitutional right to allocution under the United States Constitution," and that the right to allocution established in Fed. R. Crim. P. 32(c)(3)(C) "applies to the original sentence and not to the subsequent resentencing"); *see also United States v. Rudolph,* 190 F.3d 720, 729 (6th Cir. 1999) (holding that a prisoner challenging his federal sentence has "no constitutional or statutory right of presence or allocution at resentencing following a § 2255 proceeding"); *cf. Doucet v. Lecureux,* 72 F.3d 130 (table), No. 95-1394, 1995 WL 723185, at **2 (6th Cir. Dec. 6, 1995) (unpublished) (and cases cited therein) (because the state prisoner did not have a constitutionally guaranteed right to allocution at sentencing, his claims were not cognizable in a federal habeas proceeding); *Harrelson v. Trippett,* 67 F.3d 299 (table), No. 95-1199, 1995 WL 579571, at **9 n.5 (6th Cir. Oct. 2, 1995) (unpublished) (and cases cited there) (noting on federal habeas corpus review of a state conviction that even

if the petitioner were entitled to re-sentencing under state law based on a denial of allocution, such error was "not an error of Constitutional dimension and could not support a writ of habeas corpus"), *cert. denied,* 516 U.S. 1081 (1996); *Scrivner v. Tansy,* 68 F.3d 1234, 1240 (10th Cir. 1995) (and cases cited therein), *cert. denied,* 516 U.S. 1178 (1996). Therefore, petitioner's allegations are insufficient to state a claim of a federal constitutional violation that may be remedied in this proceeding.

Accordingly, in sum, this Court concludes that petitioner is not entitled to habeas corpus relief based on the claim asserted in Ground One of the petition, alleging a denial of petitioner's right to allocution on re-sentencing, because: (1) to the extent petitioner alleges errors under state law occurred that were determined against him by the state courts, his claim is not cognizable in this federal habeas proceeding; (2) such claim is waived to the extent petitioner alleges a violation of his federal constitutional right to due process of law; and (3) in any event, there is no federal constitutional right to allocution, the denial of which may be remedied in this federal habeas corpus proceeding.

### B. Petitioner Is Not Entitled To Relief Based On The Ineffective Assistance Of Counsel Claims Alleged In Ground Three Of The Petition

In Ground Three of the petition, petitioner alleges he was denied effective assistance of counsel in violation of the Sixth Amendment when his attorneys at trial and on direct appeal failed to challenge the imposition of consecutive one-year prison terms for each of the four weapons under disability offenses charged against him. (Doc. 1, "Attached Memorandum In Support," Claim Three). He also claims that his counsel in the reopened appeal was ineffective when he failed to ensure that the Ohio Court of Appeals' March 13, 2002 order remanding the matter for re-sentencing was "properly executed to bring [petitioner] back to court for re-sentencing." (*Id.*). Petitioner contends that these omissions by counsel representing him at trial, on direct appeal and in the reopened appeal "caused him to lose the opportunity to allocute and offer up mitigation, as well as to be properly informed of his right to appeal the proceedings." (Doc. 8, p. 4).

The state courts did not address these ineffective assistance of counsel claims, which appear to have been raised for the first time, if at all, by petitioner in his memorandum in support of jurisdiction to the Ohio Supreme Court from the Ohio Court of Appeals' July 30, 2003 decision on delayed appeal in the re-sentencing matter. (*See* Doc. 6, Ex. 36). However, because respondent has not asserted a waiver defense with respect to this ground for relief, the Court will assume that the claims are properly before

it for review on the merits.

To establish that he was denied effective assistance of counsel in violation of the Sixth Amendment, petitioner must demonstrate: (1) his attorneys made such serious errors they were not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) such deficient performance prejudiced the defense by undermining the reliability of the trial or, in this case, sentencing result. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsels' representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *See id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that the challenged conduct fell within the wide range of reasonable professional assistance. *See id.*

In order to satisfy the second "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsels' errors, the result of the trial or, in this case, sentencing proceedings would have been different. *See id.* at 694. This burden is satisfied only if he shows that his sentence would "reasonably likely have been different absent the errors." *See id.* at 695.

The Court need not examine the question of whether counsel's performance was deficient before addressing the question of whether petitioner was prejudiced by counsel's performance. The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner has made an insufficient showing on either ground. *See id.* at 697.

Here, petitioner has not met his burden of showing under the second prong of the *Strickland* test that he was prejudiced by the alleged errors of omission committed by his counsel. First, as respondent argues in the return of writ (*see* Doc. 5, pp. 17-18), petitioner is unable to succeed on any claim that he was denied effective assistance of counsel by his attorneys at trial and on direct appeal to the extent that the original, erroneous sentence imposing consecutive one-year sentences for the four weapons under disability offenses was prejudicial. Any such prejudice was rectified by the subsequent

13

correction of that portion of petitioner's sentence by both the trial court on re-sentencing and the Ohio Court of Appeals on delayed appeal from the re-sentencing order. (*See* Doc. 6, Exs. 22, 32).

Petitioner's claim against his trial and direct appeal attorneys also must fail to the extent he argues that their errors caused him "to lose the opportunity to allocute and offer up mitigation," or to be informed of his right to appeal, when he was re-sentenced pursuant to the Ohio Court of Appeals' March 13, 2002 remand order issued in the subsequent reopened appeal. Petitioner was not represented by his trial or direct appeal attorney in the reopened appeal proceeding that resulted in his re-sentencing. Petitioner's allegations against these attorneys are simply too tenuous to establish a causal connection between their errors of omission and the alleged prejudice that occurred at his re-sentencing.

Second, petitioner is unable to prevail on his claim that his counsel in the reopened appeal was ineffective. In that proceeding, the Ohio Court of Appeals remanded the matter for re-sentencing only with respect to the weapons under disability charges, which should have been merged for sentencing purposes. (*See* Doc. 6, Exs. 21, 32). The court did not reopen the entire sentencing proceeding for petitioner to offer any further arguments in support of mitigation of his punishment or to obtain concurrent or lesser sentences on any of the charges. As the Ohio Court of Appeals found on delayed appeal from the re-sentencing order, petitioner and his counsel were given the opportunity to speak at the original sentencing hearing. In view of the limited purpose for which the matter was remanded, petitioner's counsel in the reopening proceeding was under no obligation to ensure that a hearing would be held on re-sentencing where petitioner would be present and given another opportunity to argue for a lesser punishment by way of allocution. *Cf. United States v. Thigpen,* 36 F.3d 1106 (table), No. 94-1078, 1994 WL 504341, at **1 (10th Cir. Sept. 15, 1994) (unpublished) (on remand for re-sentencing under a mandate requiring the imposition of a certain sentence, the district court could summarily impose the sentence without granting the defendant the right of allocution, because "in view of the mandate, granting the defendant the right of allocution would not have served the purpose underlying that right: to permit a defendant an opportunity to mitigate his punishment").

Finally, to the extent petitioner also contends the alleged error of omission by his counsel in the reopened appeal effectively deprived him of the opportunity to be informed of his right to appeal the trial court's re-sentencing decision, any prejudice as a result of such error was eliminated when petitioner was granted a delayed appeal from the re-

14

sentencing order. (*See* Doc. 6, Exs. 29, 32).

Accordingly, this Court concludes that petitioner is not entitled to habeas corpus relief based on the ineffective assistance of counsel claims alleged in Ground Three of the petition.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the claim alleged in Ground Two of the petition, which petitioner has conceded is waived, and with respect to the constitutional claim alleged in Ground One of the petition, which this Court has concluded is barred from review on waiver grounds, because under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[5] A certificate of appealability also should not issue with respect to the remaining ineffective assistance of counsel claim alleged in Ground Three of the petition, which was addressed on the merits herein, because petitioner has failed to make a substantial showing of the denial of a constitutional right based on such claim. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of

---

[5]Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in Grounds One and Two of the petition. *See Slack,* 529 U.S. at 484. However, it is noted that, as discussed above, *see supra* pp. 11-12, petitioner has not stated a viable constitutional claim for relief in Ground One of the petition.

financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  3/7/2006                     s/Timothy S. Hogan
      cbc                                    Timothy S. Hogan
                                           United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\04-209denypet.allocution-IAC.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Earl Buckner,
    Petitioner,

              v.

Deb Timmerman-Cooper,
    Respondent.

Case No. 1:04cv209
(Spiegel, S.J.; Hogan, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:04cv209 Doc. 15

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Earl Buckner #382-351<br>London Corr. Inst.<br>PO Box 69<br>London, OH 43140 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label)    7001 2510 0008 6348 2382 | |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540