```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

EARL BUCKNER,                :        NO. 1:04-CV-00209
                             :
    Petitioner,              :
                             :
    vs.                      :
                             :        **OPINION AND ORDER**
DEB TIMMERMAN-COOPER,        :
                             :
    Respondent.              :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 15), Petitioner's Objection (doc. 16), Petitioner's Motion to Amend His Objection (doc. 17), Respondent's Response to Petitioner's Objection (doc. 18), Respondent's Response to Petitioner's Motion to Amend Objection (doc. 19), and Petitioner's Response to Respondent's Opposition and Request to Supplement The Records (doc. 20). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I.  Background**

On September 16, 1999, the Hamilton County, Ohio Court of Common Pleas sentenced Petitioner to terms of eight years in prison for trafficking of cocaine, five years for possession and preparation of cocaine for sale, and four one-year terms for four counts of having weapons while under disability (doc. 15). All

terms of imprisonment were to be served consecutively. With the assistance of counsel, Petitioner filed an appeal to the Ohio Court of Appeals, First Appellate District (Id.). On October 25, 2000, the Court of Appeals affirmed the trial court's decision. On March 7, 2001, the Supreme Court of Ohio denied Petitioner leave to appeal (Id.).

On January 22, 2001, Petitioner filed a pro se application for reopening of his appeal with the Ohio Court of Appeals, and the court subsequently granted his application (Id.). Petitioner claimed that the trial court abused its discretion by convicting him on four counts of having weapons while under disability (Id.). He argued that because all four counts rose out of a single act, he could only be charged with one count of the offense. The state conceded that this was correct, and on March 13, 2002, the Ohio Court of Appeals sustained Petitioner's assignment of error and remanded the case to the trial court for further proceedings (Id.).

On March 25, 2002, the trial court re-sentenced Petitioner according to the remand order (Id.). The court merged the four counts of having a weapon while under disability into one count and gave Petitioner one year of imprisonment for the charge. The court left the other prison terms intact (Id.). Petitioner was not present at this proceeding, nor was he initially made aware of his re-sentencing. (Id.). In August 2002, Petitioner filed a pro

2

se petition for writ of mandamus in the Ohio Court of Appeals asking to have the re-sentencing order vacated. He also requested that he be given the opportunity to be present at a new hearing for re-sentencing so that he may speak on his own behalf (Id.).

In a brief filed by a new attorney, Petitioner asserted three assignments of error, which are detailed in the Magistrate Judge's Report and Recommendation (Id.). The Court of Appeals denied Petitioner's appeal on grounds that Petitioner's rights were not violated by re-sentencing him in absentia, and even if they were violated, it was harmless error (Id.). Again proceeding pro se, Petitioner filed an appeal to the Ohio Supreme Court, which denied his appeal on November 19, 2003 (Id.).

Petitioner filed this instant habeas action pro se in March 2004 (Id.). He alleged three grounds for relief, but later conceded that he had waived his second claim of relief by procedural default in state court (Id.). The two remaining grounds for relief are that the trial court violated Petitioner's right to allocution, which violated his due process rights under the Ohio and U.S. Constitutions, and that he received ineffective assistance of counsel, violating Petitioner's Sixth Amendment rights (Id.). This matter is now ripe for the Court's consideration.

**II. The Magistrate Judge's Report and Recommendation**

After reviewing Petitioner's grounds for relief, the Magistrate Judge found both grounds to be lacking in merit. As to

the first ground for relief, the Magistrate Judge found that Petitioner's procedural default in state court barred his claim. While Petitioner did appeal his re-sentencing in state court on grounds that his absence from the proceedings violated his rights, he only argued that his absence violated state rules of criminal procedure, not that it violated his due process rights (Id.). A state defendant must fairly present any constitutional claims in a state court before instituting a federal habeas corpus action. Anderson v. Harless, 459 U.S. 4, 6 (1982). And if a state defendant can no longer bring his constitutional claims in state court due to procedural default, he has waived his right to bring those claims in a federal habeas corpus action unless he can show cause for the default or that a federal court's failure to consider the claims would result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The Magistrate Judge further found that in order to meet the fair presentation requirement, the Petitioner must have presented his claims to the state court specifically as a federal constitutional issue. Franklin v. Rose, 811 F.2d 365, 368 (6th Cir. 1987). The Magistrate Judge concluded that Petitioner did not fairly present his federal constitutional claim of due process arising out of his absence from the re-sentencing hearing to the state court, and had therefore waived that claim (doc. 15).

The Magistrate Judge also concluded that even if

4

Petitioner had not waived his right to present this claim in a federal habeas action, Petitioner would not be entitled to habeas relief (Id.). The United States Constitution does not guarantee a right of allocution in sentencing proceedings (Id. citing Pasquarille v. United States, 130 F.3d 1220, 1223 (6th Cir. 1997)).

As to the third ground for relief, the Magistrate Judge found that Petitioner was not denied effective assistance of counsel in violation of the Sixth Amendment (doc. 15). The Magistrate Judge relied on a two-part test to determine whether Petitioner was denied effective counsel. Under the first prong of the test, Petitioner must show that his attorney made such serious errors that the attorney was not functioning as "counsel" as guaranteed by the Sixth Amendment (Id. citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Under the second prong, Petitioner must show that the attorney's poor performance prejudiced Petitioner by undermining the reliability of the sentencing result (Id.).

The Magistrate Judge relied on the second prong of the test to determine that Petitioner was not denied effective counsel (Id.). Any prejudice arising out of the original conviction and sentencing for four separate weapons charges was cured when Petitioner was re-sentenced (doc. 15). The Magistrate Judge also concluded that Petitioner's attorneys had no duty to guarantee his presence at the re-sentencing hearing because the hearing was held

5

for a very limited purpose and Petitioner had already been given a chance to allocute at the original sentencing hearing (Id.). There was no prejudice to Petitioner (Id.).

The Magistrate Judge therefore recommends that this Court deny Petitioner's petition for writ of habeas corpus. The Magistrate Judge further recommends that this Court not issue a certificate of appealability, certify that any appeal of this order will not be taken in good faith, and deny Petitioner leave to appeal in forma pauperis (Id.).

**III. Petitioner's Objections**

Petitioner objected to the Magistrate Judge's Report and Recommendation, reiterating his belief that he was denied effective assistance of counsel in violation of his Sixth Amendment rights (doc. 16). Particularly, Petitioner argued that his attorneys' failure to raise his constitutional claims in state court in order to meet the "fairly presented" requirement amounted to prejudicial error on the part of the attorneys (Id.). Petitioner also claimed that he should not be penalized for his attorneys' shortcomings because he was not in a position to be aware of these shortcomings (Id.). Finally, Petitioner reiterated his claim that his attorneys were ineffective because they failed to object that the state was not permitted to charge him with, and convict him of, four separate weapons offenses all rising out of the same incident (Id.).

Petitioner filed an amendment to his objection which

6

recasts his absence from his re-sentencing hearing as raising constitutional claims (doc. 17). Petitioner also again raised objections to his absence from the re-sentencing hearing based on Ohio procedural law (Id.).

**IV. Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. As to the first ground for relief, Petitioner did not properly raise his Fourteenth Amendment due process claim before the state court, and is therefore barred from petitioning a federal court for writ of habeas corpus based on that claim. Anderson v. Harless, 459 U.S. 4, 6 (1982). "28 U.S.C. §2254 requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." Id. Petitioner did not raise his federal constitutional claims at the state court level with specificity (doc. 15). Petitioner claimed that his rights were violated because he was not permitted to be present for his re-sentencing hearing on appeal in state court, but he did not specify which rights were violated (Id.). "[T]he habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." Anderson v. Harless, 459 U.S. 4, 6 (1982).

Because Petitioner did not present his federal

7

constitutional claim to the state court, he has waived his right to bring that claim before this Court unless he can demonstrate cause for the procedural default in state court or that failure to consider the claim would result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has shown no just cause for why he did not "fairly present" his federal claim to the state court. This Court also does not find that failure to consider his habeas petition would result in a miscarriage of justice. As the Magistrate Judge indicated, even if this Court were to consider Petitioner's constitutional claim, Petitioner would be unable to obtain habeas relief (doc. 15). "There is no constitutional right to allocution under the United States Constitution." Pasquarille v. United States, 130 F.3d 1220, 1223 (6th Cir. 1997). This Court may only review a state prisoner's habeas petition on grounds that it violates the Constitution of the United States, not state law. Pulley v. Harris, 465 U.S. 37, 41 (1984). Therefore, even if Petitioner's absence from his re-sentencing hearing violated state law, this Court would be unable to grant relief because his absence did not violate the Constitution of the United States (Id.).

This Court also finds Petitioner's third ground for relief to be without merit. Under Strickland v. Washington, 466 U.S. 668, 687 (1984), Petitioner must show that his attorneys made such serious errors that they were not functioning as counsel and

that he was prejudiced by those errors. This Court does not find it necessary to examine the sufficiency of Petitioner's representation because the Petitioner has not shown prejudice resulting from the conduct of his attorneys.

Petitioner has raised many instances of alleged errors made by his attorneys, but none of the alleged errors have prejudiced Petitioner. Petitioner's attorney at the time of his original conviction failed to notice that his client was improperly charged with four weapons charges arising from the same incident, but this error was subsequently corrected on appeal (doc. 15). Petitioner has therefore suffered no prejudice as a result of this error.

Petitioner has also alleged that he was prejudiced by his attorney's failure to raise his constitutional claims in state court, which led to his procedural default (doc. 16). Petitioner claims that his attorney's error has caused him to waive his right to bring his constitutional claims in a federal habeas action (Id.). However, because Petitioner has no right under the Constitution to allocution, this Court would be unable to grant habeas relief on such basis. Pasquarille v. United States, 130 F.3d 1220, 1223 (6th Cir. 1997)

**V. Conclusion**

For the aforementioned reasons, this Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 15), and DENIES

9

WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1).  The Court also DECLINES to issue a certificate of appealability with respect to the claim in Ground One of the petition because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, (2000).  The Court DECLINES to issue a certificate of appealability with respect to Ground Two because that claim was waived, and the Court DECLINES to issue a certificate of appealability with respect to Ground Three because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on such a claim.  <u>See</u> 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b).  And finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.

SO ORDERED.

Dated: July 13, 2006          <u>s/S. Arthur Spiegel          </u>

                              S. Arthur Spiegel
                              United States Senior District Judge

10