```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| EARL BUCKNER, | : | NO. 1:04-CV-00209 |
| Petitioner, | : |  |
| vs. | : |  |
|  | : | **OPINION AND ORDER** |
| DEB TIMMERMAN-COOPER, | : |  |
| Respondent. | : |  |

This matter is before the Court on Petitioner's Motion for Reconsideration on Opinion and Order (doc. 23), Petitioner's Motion to Stay Opinion and Order for Purpose of Appeal (doc. 24), and Petitioner's Motion to Amend Motion for Reconsideration on Opinion and Order (doc. 26). Respondent filed no response to any of the respective motions. Having reviewed this matter, the Court DENIES Petitioner's Motion for Reconsideration, DENIES Petitioner's Motion to Stay, and GRANTS Petitioner's Motion to Amend Motion for Reconsideration on Opinion and Order, to the extent that the Court has reviewed the contents of such motion.

**I. Background**

On July 14, 2006, the Court adopted the Magistrate Judge's Report and Recommendation and denied with prejudice Petitioner's Petition for Writ of Habeas Corpus (doc. 21). The Court rejected Petitioner's first ground of relief, that his rights were violated when the state court re-sentenced him in absentia,

finding that his procedural default in failing to raise his due process claim in state court barred the raising of such claim in the context of his petition for habeas relief (Id.). The Court adopted the Magistrate Judge's finding that under Franklin v. Rose, 811 F.2d 365, 368 (6th Cir. 1987), Petitioner failed to fairly present his federal claim to the state court, and therefore had waived such claim (Id.). Even should the Court consider Petitioner's claim, the Court found, Petitioner would be unable to obtain habeas relief because under Pasquarille v. United States, 130 F.3d 1220, 1223 (6th Cir. 1997) there is no constitutional right to allocution (Id.). As for Petitioner's remaining ground for habeas relief, that he was denied effective assistance of counsel in violation of the Sixth Amendment, the Court found Petitioner was not prejudiced by any of the alleged errors of his attorneys (Id.). The Court concluded that Petitioner was not entitled to habeas relief, it declined to issue a certificate of appealability, it certified that any appeal would not be taken in good faith, and it indicated that any application to appeal in form pauperis would be denied (Id.).

**II. Petitioner's Motion for Reconsideration and Motion to Amend Motion for Reconsideration (docs. 24, 26)**

Petitioner's Motions invoke state law decisions, primarily State of Ohio v. Tripodo, 50 Ohio St.2d 124, 363 N.E.2d 719 (Ohio 1977), Ohio v. Welch, 53 Ohio St.2d 47, 372 N.E. 2d 346 (Ohio 1978), and City of Columbus v. Rowland, 2 Ohio App.3d 144,

440 N.E. 2d 1365 (Ct. App. Ohio, 1981), for the proposition that he had to be present at his re-sentencing. However, the First Appellate District Court of Appeals already ruled on Petitioner's concerns in its Order of July 30, 2003, in which it cited State v. Campbell, 90 Ohio St.3d 320, 325, 2000-Ohio-183, 738 N.E.2d 1178 for the proposition that under Ohio law the failure to address a defendant at sentencing is not prejudicial in every case, and in any event, the Court found Ohio Crim. Rule 32(A) only applicable to sentencing, and not to re-sentencing. This Court cannot revisit the decision of the state court interpreting Ohio law, and in the context of a habeas motion, can only review the constitutionality of Petitioner's detention. The Court finds no constitutional basis, under Pasquarille v. United States, 130 F.3d 1220, 1223 (6th Cir. 1997), for Petitioner's first ground for habeas relief, and as already indicated, (doc. 21), finds no prejudice by any of the alleged errors of his attorneys. Petitioner's current motions to reconsider do not even attempt to address Pasquarille. The Court concludes that Petitioner's Motions are lacking in merit.

**III. Petitioner's Motion to Stay**

Petitioner requests the Court stay its decision denying his writ of habeas corpus for purpose of appeal (doc. 24). This Court has already denied a certificate of appealability, and as the Court has now denied Petitioner's Motion for Reconsideration (doc. 23), he must address the Court of Appeals for a certificate of

3

appealability or with a notice of appeal should he wish to challenge this Court's denial of the writ. Fed. R. App. P. 22(b). Accordingly, the Court DENIES Petitioner's Motion to Stay.

**IV. Conclusion**

Having reviewed Petitioner's Motions the Court finds no federal constitutional question at stake, as Petitioner failed to present his federal claim to the state court, and therefore waived such claim. The Court finds nothing new in Petitioner's present motions, but arguments premised on state court decisions. The Court cannot reach such arguments, as the Court cannot revisit the decision of the state court already rendered in this case interpreting Ohio law.

Accordingly, the Court DENIES Petitioner's Motion for Reconsideration (doc. 23), DENIES Petitioner's Motion to Stay (doc. 24), and GRANTS Petitioner's Motion to Amend Motion for Reconsideration on Opinion and Order (doc. 26), to the extent that the Court has reviewed the contents of such motion.


SO ORDERED.


Dated: January 10, 2007        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge